# Jesse C. Coulston, Plff. in Err., *v.* Abner Bertolet et al.

An affidavit of defense alleging a payment on account must distinctly aver the same and must also state how and at what time the alleged payment was made.

(Argued January 12, 1888. Decided January 23, 1888.)

Cited in Standard Bldg. Asso. v. Hishel, 7 York Legal Record, 81.

July Term, 1887, No. 73, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment for the plaintiffs for want of a sufficient affidavit of defense. Affirmed.

The facts were as follows:

The firm of Abner Bertolet brought suit against Jesse C. Coulston and Charles W. Coulston upon a book account, claiming $153.02 and allowing a credit of $8.07.

Each of the defendants filed an affidavit of defense, the material portion of that of Jesse C. Coulston being as follows:

"That neither the book entries filed by plaintiffs, nor the statement furnished him September 13, 1883, includes $36.75 paid by defendant and to which he is entitled as a credit in addition to the credits allowed in the copy filed. This reduces the claim to $108.20, but deponent believes that the claim has been paid in full; that suit was not commenced until almost four years after the date of the last item charged against him in the copy filed. All of which the defendant expects to be able to prove upon the trial."

A rule for judgment having been taken against Jesse C. Coulston, for want of a sufficient affidavit of defense, the court, upon the argument of the rule, allowed a supplemental affidavit, which was duly filed and which alleged as follows:

"That the payment of $36.75, made by deponent to plaintiffs, and referred to in his original affidavit of defense, was made upon account of the identical articles included in the copy of book entries filed."

The rule having again come on for argument, the court made the same absolute after allowing the credit of $8.07.

Jesse C. Coulston then took this writ, assigning for error the entry of this judgment without allowing the credit of $36.75.

*J. Hazleton Mirkil* and *F. Carroll Brewster,* for plaintiff in error.—It was error to give judgment in the face of an averment of a belief and expectation to prove payment of the whole claim. McClure v. Bungham, 1 Troubat & H. Pr. 334.

A defendant is not required, in his affidavit, to make a development of the evidence by which he expects to prove his case. Liebersperger v. Reading Sav. Bank, 30 Pa. 531; Black v. Halstead, 39 Pa. 64; Thompson v. Clark, 56 Pa. 33; Twitchell v.

McMurtrie, 77 Pa. 383; Reznor v. Supplee, 81 Pa. 180; Moore v. Smith, 81 Pa. 182.

The affidavit states positively that the payment of $36.75 was on account of the identical articles sued for. This was directly within the ruling in Selden v. Reliable Sav. & Bldg. Asso. 81* Pa. 336.

The facts in the case of McCracken v. First Reformed Presby. Congregation, 111 Pa. 106, 2 Atl. 94, are entirely dissimilar; and hence that case does not apply.

*William Henry Peace,* for defendants in error, cited: Markley v. Stevens, 89 Pa. 281; Snyder v. Powers, 37 Phila. Leg. Int. 387; McCracken v. First Reformed Presby. Congregation, 111 Pa. 106, 2 Atl. 94.

Per Curiam:

The only error alleged in this case is that the court below declined to allow the defendant a credit for the sum of $36.75 referred to in his affidavit of defense. We cannot say, however, that this was error, for the reason that the fact of this alleged payment was not distinctly averred in the affidavit. It is stated evasively instead of directly. No charge of perjury would lie upon such an averment. Aside from this there is no statement of how or at what time such alleged payment was made. For anything that this record shows the averment of payment may be a mere conclusion of law upon facts not stated.

Judgment affirmed.